# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 18, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

CHARLES ALLEN,     )
            )
 Petitioner/Appellant,   )
            ) Appeal No.
            ) 01-A-01-9804-CH-00199
VS.          )
            ) Davidson Chancery
            ) No. 97-3553-I
DONAL CAMPBELL,    )
COMMISSIONER, TENNESSEE )
DEPARTMENT OF CORRECTION, )
            )
 Respondent/Appellee.   )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

CHARLES ALLEN, #99940
7575 Cockrill Bend Industrial Road
Nashville, Tennessee 37290-1057
 Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243
 Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

The Department of Correction extended the Release Eligibility Date of a prisoner by an additional 30% after he was found guilty of assaulting a correctional officer. The prisoner filed a petition for a declaratory judgment that the extension of his Release Eligibility Date was a violation of the ex post facto prohibition. The trial court dismissed the petition. We affirm.

## I.

Charles Allen was convicted of murder in the second degree, and sentenced to life in prison. The date of his crime was January 10, 1982. The law at that time made those receiving life sentences eligible for parole after 30 years. Mr. Allen's original Release Eligibility Date (RED) was calculated as January 13, 2012.

On October 31, 1989, Mr. Allen assaulted another inmate and a correctional officer. He was found guilty of two counts of aggravated assault by a Davidson County court, and received two sentences of two years each, to be served consecutively to his life sentence. In accordance with Tennessee Department of Correction Policy No. 502.02 in regard to assault on an officer, his RED was extended by 30%. The policy in question considers a life sentence to be 99 years for the purpose of an RED extension. The result was a new eligibility date of September 17, 2037.

Mr. Allen requested that the Department of Correction issue a declaratory order that the extension was invalid, because it violated the ex post facto clause of the Constitution. The Department declined to issue the declaratory order,

so on October 29, 1997, he filed a petition for declaratory judgment in the Chancery Court of Davidson County.

The Department filed a motion to dismiss the petition under Tenn. R. Civ. P. 12.02(6) for failure to file a claim upon which relief may be granted. Because matters outside the pleadings were presented, the court treated the motion as one for summary judgment. The court granted the motion, finding that as a matter of law, no ex post facto violation had occurred. This appeal followed.

## II.

On appeal, Mr. Allen contends that he is entitled to the benefits of the law in effect at the time he committed his crime, by virtue of both the ex post facto clauses of the U.S. and Tennessee Constitutions, and Tenn. Code Ann. § 40-35-117 of the Sentencing Reform Act of 1989, which clarifies the application of the Reform Acts of 1982 and 1989 to felonies committed before and after their enactment. That statute reads:

> (a) All persons who commit crimes on or after November 1, 1989, shall be tried and sentenced under the provisions of this chapter.
> (b) Unless prohibited by the United States or Tennessee Constitution, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions of this chapter.
> (c) For all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation.

We agree with Mr. Allen that we must look to the law in effect on January 10, 1982 to determine the extent of his right to parole consideration. However an examination of the relevant statutes reveals that the Department of Correction was entitled to modify his Release Eligibility Date as it did.

Tenn. Code Ann. § 39-1-702 [enacted 1979, subsequently repealed] lists second degree murder among the offenses classified as Class X felonies. Tenn. Code Ann. § 40-28-301 [enacted 1979, subsequently repealed] governs release eligibility of Class X felons. Section (h)(1) of that statute reads:

> The release classification eligibility date provided for in this section shall be the earliest date a person convicted of a Class X felony shall be eligible for release classification status, such date being conditioned on the prisoner's good behavior while in prison. For a violation of any of the rules of the department of correction or the institution in which the person is incarcerated, the commissioner of correction or his designees, may defer the release classification eligibility date so as to increase the total amount of time a person must serve before becoming eligible for release classification status. This increase may, in the discretion of the commissioner, be in any amount of time not to exceed the full sentence originally imposed by the court and shall be imposed pursuant to regulations promulgated by the commissioner of corrections. [Acts 1979, ch. 318 § 20]

As can be seen by the above quoted provision, Class X felons did not have an absolute entitlement to any particular RED, but could have that date extended for misbehavior.

Mr. Allen contends that in its memorandum in support of the motion to dismiss, the appellee erroneously relied upon a statute that was part of the Criminal Sentencing Reform Act of 1982, as the law controlling his eligibility for release. Section (h) of Tenn. Code Ann. § 40-35-501, the statute in question, tracks the language of Tenn. Code Ann. § 40-35-301(h)(1) very closely, but is applicable by its terms to all felons, not only to those convicted of Class X felonies. Mr. Allen is correct in stating that Tenn. Code Ann. § 40-35-501 does not apply to him because it was enacted after his crime was committed. However the chancellor cited the correct statute in determining that as a Class X felon, Mr. Allen's Release Eligibility Date could be extended beyond thirty years for violations of departmental rules.

**III.**

- 4 -

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE